VAN SWEARINGEN – 259809
ERIC MONEK ANDERSON – 320934
ROSEN BIEN GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, California 94105-1738
Telephone:    (415) 433-6830
Facsimile:    (415) 433-7104
Email:        vswearingen@rbgg.com
              eanderson@rbgg.com

Attorneys for Plaintiff SIERRA CLUB

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| SIERRA CLUB,<br><br>        Plaintiff,<br><br>    v.<br><br>UNITED STATES DEPARTMENT OF ENERGY,<br><br>        Defendant. | Case No. 4:25-cv-5027<br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

[4707605.8]

**INTRODUCTION**

1.     Defendant U.S. Department of Energy ("DOE") violated the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, by failing to timely indicate whether documents responsive to Plaintiff Sierra Club FOIA requests exist or whether DOE will release them.  DOE further violated the FOIA statute by failing to provide estimated dates of completion when asked, and by failing to timely produce documents in its possession following lawful requests by Sierra Club.

2.     Sierra Club, the nation's oldest grassroots environmental organization and a strong supporter and proponent of clean energy sources, has sought to further its long-standing interest in government accountability and transparency by filing FOIA requests to DOE for documents showing communications between DOE officials and external parties.

3.     Sierra Club filed the first request on July 10, 2024, for communications between a named DOE official and external parties in 2017 and 2018, during the first Trump Administration.  Defendant DOE violated by failing to timely provide estimated dates of completion, formal determinations, and produce responsive documents in its possession following the request by Sierra Club.  Nearly a year later, DOE has not still not made any determination of whether responsive documents exist nor provided any (let alone all) responsive, non-exempt documents.

4.     Sierra Club filed a second request on March 28, 2025 for communications between several named DOE officials and external parties during the first months of the second Trump Administration.  Defendant DOE again violated FOIA by failing to timely provide estimated dates of completion, formal determinations, and produce responsive documents in its possession following the request by Sierra Club.  To date, DOE has still not made any determination of whether responsive documents exist nor provided any responsive, non-exempt documents.

5.     For both requests, DOE missed the 20-day statutory deadline to make a determination regarding the records requests (5 U.S.C. § 552 (a)(6)(A)(i)).  DOE also exceeded (and never requested) the 10-day extension deadline for unusual circumstances

(5 U.S.C. § 552 (a)(6)(B)(i)). Further, for both requests, DOE failed to provide estimated dates of completion after Sierra Club requested such estimates.

6. Sierra Club brings this lawsuit to hold DOE accountable to comply with its obligations under FOIA. Sierra Club respectfully requests that the Court order DOE to produce the external communications requested.

## JURISDICTION, VENUE, AND INTRADISTRICT ASSIGNMENT

7. This Court has jurisdiction over this matter pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

8. Venue is proper in this Court under 5 U.S.C. § 552(a)(4)(B) because Plaintiff Sierra Club has its principal place of business in Oakland, California.

9. For the same reason, intradistrict assignment is proper in the Oakland Division. *See* N.D. Cal. L.R. 3-2.

## PARTIES

10. Plaintiff Sierra Club was founded in 1892 and is the nation's oldest grassroots environmental organization. Plaintiff Sierra Club is incorporated in the State of California as a Nonprofit Public Benefit Corporation with its headquarters in Oakland, California. Sierra Club is a nonprofit, membership organization with more than 618,000 members nationwide. Sierra Club is dedicated to protecting and preserving the natural and human environment, and its purpose is to explore, enjoy, and protect the wild places of the earth; to practice and promote the responsible use of the earth's ecosystems and resources; and to educate and enlist humanity to protect and restore the quality of the natural and human environments. Sierra Club is a leading non-governmental organization seeking to educate and mobilize the public on issues of climate change, fossil fuel energy, and clean energy. In support of those efforts and to further Sierra Club's long-standing interest in government accountability and transparency, Sierra Club submitted to DOE the FOIA requests at issue in this case.

11. Sierra Club routinely uses FOIA to obtain information from federal agencies, which Sierra Club's legal and policy experts analyze in order to inform their members and

the public about environmental and public health issues.  Sierra Club regularly conveys important information to its members and the public through publications and press releases, as well as by publicly releasing information and documents obtained through FOIA requests.

12.     Plaintiff Sierra Club brings this action on its own behalf and on behalf of its members.  Plaintiff and its members have been and continue to be injured by Defendant's failure to provide requested records within the timeframes mandated by the FOIA.  The requested relief will redress these injuries.

13.     Defendant Department of Energy ("DOE") is an independent agency of the United States government within the meaning of 5 U.S.C. § 551(1).  It has in its possession and control the records sought by Sierra Club, and as such, is subject to FOIA pursuant to 5 U.S.C. § 552(f).

## STATUTORY FRAMEWORK

14.     Enacted in 1966, the Freedom of Information Act was designed to protect citizens' "right to be informed about what their government is up to." *U.S. Dep't of Justice v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 773 (1989) (internal quotations omitted).  "The basic purpose of FOIA is to ensure an informed citizenry, vital to the functioning of a democratic society, needed to check against corruption and to hold the governors accountable to the governed." *Nat'l Labor Relations Bd. v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 242 (1978).  The statute was intended "to permit access to official information long shielded unnecessarily from public view and … to create a judicially enforceable public right to secure such information from possibly unwilling official hands." *Envtl. Prot. Agency v. Mink*, 410 U.S. 73, 80 (1973).

15.     To this end, FOIA requires agencies of the federal government to release, upon request, information to the public, unless one of nine specific statutory exemptions applies.  5 U.S.C. § 552(b).  These exemptions are narrowly construed, and the agency bears the burden of establishing the applicability of each exemption as to each record for which it is claimed.  *See Milner v. Dep't of Navy*, 562 U.S. 562, 565 (2011); *Lahr v. Nat'l*

1    *Transp. Safety Bd.*, 569 F.3d 964, 973 (9th Cir. 2009) (noting FOIA's "strong presumption

2    in favor of disclosure" and that an agency bears the burden for demonstrating an

3    exemption properly applies).

4        16.    Upon receiving a FOIA request, an agency has twenty working days to

5    respond by determining whether responsive documents exist and whether the agency will

6    release them.  5 U.S.C. § 552(a)(6)(A)(i); 10 C.F.R. § 1004.5(b),(d).  Agencies must make

7    reasonable efforts to search for records in a manner that is reasonably calculated to locate

8    all records that are responsive to the FOIA request.  5 U.S.C. § 552(a)(3)(C)–(D).  An

9    agency may delay an initial determination by ten working days only if the agency can

10   demonstrate that it faces "unusual circumstances."  5 U.S.C. § 552(a)(6)(B); 10 C.F.R.

11   § 1004.5(d)(1)–(2).

12       17.    If an agency withholds responsive records, in whole or in part, the burden is

13   on the agency to prove that an exemption applies and that it outweighs FOIA's policy of

14   disclosure.  *See, e.g.*, 5 U.S.C. § 552(a)(4)(B); *U.S. Dep't of State v. Ray*, 502 U.S. 164,

15   173 (1991).  Whenever an agency determines that a portion of a record should be withheld

16   under one of FOIA's exemptions, the agency must still release to the public any portions of

17   that record that contain "reasonably segregable" non-exempt information.  5 U.S.C.

18   § 552(b).

19       18.    In addition, FOIA requires each agency to provide status updates to

20   requestors, including "an estimated date on which the agency will complete action on the

21   request."  5 U.S.C. § 552(a)(7)(B)(ii).

22       19.    If the agency fails to comply with the statutory time limits to respond to a

23   FOIA request or appeal, the requester is deemed to have exhausted its administrative

24   remedies and may commence litigation in district court to compel an adequate response

25   from the agency.  5 U.S.C. § 552(a)(4)(B), (a)(6)(C)(i); *see also* 10 C.F.R. § 1004.5(d)(4).

26   FOIA provides that the district court shall have jurisdiction "to enjoin [an] agency from

27   withholding agency records and to order the production of any agency records improperly

28   withheld from the complainant."  5 U.S.C. § 552(a)(4)(B).

20.     FOIA permits the Court to "assess … reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed."  5 U.S.C. § 552(a)(4)(E)(i).

## STATEMENT OF FACTS

21.     On July 10, 2024, Sierra Club submitted a FOIA request to DOE.  The request seeks communications between Bernard McNamee and an enumerated list of email domains for external entities between May 1, 2017 and December 31, 2018, when McNamee was employed at DOE.  The request also seeks communications for the same period of time between McNamee's administrative assistant(s) and the same list of external entities.  A true and correct copy of the July 10, 2024 request is attached hereto as **Exhibit A**.

22.     On July 14, 2024, DOE sent a letter to Sierra Club acknowledging receipt of the July 10, 2024 FOIA request and assigning it the control number HQ-2024-0500-F.  A true and correct copy of the July 14, 2024 acknowledgement letter is attached hereto as **Exhibit B**.

23.     On August 12, 2024, Sierra Club emailed to seek a status update on the request.  A true and correct copy of the email is attached hereto as **Exhibit C**.  On August 29, 2024, DOE sent an interim response letter, which granted Sierra Club's fee waiver request but did not provide any update on the status of DOE's search or timeline for providing responsive records.  A true and correct copy of the August 29, 2024 interim response letter is attached hereto as **Exhibit D**.

24.     On September 5, 2024, Sierra Club emailed DOE to ask for an estimate of when DOE would begin producing responsive records and asking DOE to produce such records using rolling productions.  On September 5, 2024, the DOE FOIA officer emailed Sierra Club to state, "I apologize for the delay.  I am processing you [sic] request and in coordination with DOE offices for your potential responsive records."  That same day, the DOE FOIA officer emailed again to state that the FOIA office was "consulting with other offices within the Department of Energy to locate any records that may be responsive to

your request," and awaiting a response from those offices.  The DOE estimated the date of completion as September 30, 2024, but noted that they could not provide an accurate date of completion until receiving a response from the other DOE offices.  A true and correct copy of the September 5, 2024 email correspondence is attached hereto as **Exhibit E**.

25.    On October 4, 2024, a FOIA officer for DOE emailed Sierra Club asking to confirm search parameters for the July 10, 2024 request.  On October 7, 2024, Sierra Club responded to (1) ask why certain entities were excluded from the proposed search parameters; (2) request an addition to the search parameters; and (3) follow up on the request for the administrative assistant communications, which were excluded from the search parameters.

26.    On October 23, 2024, after not receiving a response, Sierra Club again emailed the DOE FOIA officer.  On October 28, 2024, the DOE FOIA officer responded with updated search parameters.  As to the administrative assistant communications, the FOIA officer wrote, "We are still reaching out to the assigned program office(s) who we believe may have responsive materials …."  That same day, Sierra Club replied to (1) confirm the updated search parameters for the McNamee communications; (2) request an estimate of when Sierra Club would begin receiving documents for that request; and (3) seek an estimate of when DOE would respond to the administrative assistant portion of the request.  On November 4, 2024, the DOE FOIA officer responded to state that she could not provide an estimate for when Sierra Club would receive responsive records as to McNamee.  The FOIA officer also indicated that DOE had not yet determined the name(s) of McNamee's administrative assistant(s).  On December 23, 2024, Sierra Club emailed DOE to request a status update on Sierra Club's request.  On December 26, 2024, the DOE FOIA officer stated, "I am unable to provide an estimate for when you might receive responsive records."  A true and correct copy of the email thread containing the October-December 2024 communications is attached hereto as **Exhibit F**.

27.    On February 27, 2025, Sierra Club again reached out to DOE to ask for a status update on the July 10, 2024 request.  DOE did not respond to the email.  A true and

correct copy of that email is attached hereto as **Exhibit G**.  To date, Sierra Club has received no response to the February 27, 2025 request for a status update, nor received any other information in response to the July 10, 2024 request.  DOE has not made any determination as to whether responsive documents exist, nor provided any responsive, non-exempt documents.

28.    On March 28, 2025, Sierra Club submitted a second FOIA request letter to DOE.  A true and correct copy of the FOIA request is attached hereto as **Exhibit H**.

29.    The March 28, 2025 FOIA request seeks communications, including emails, text messages, and other forms of communication, between a list of 30 DOE officials in the second Trump Administration and numerous external entities from January 20, 2025 up to the date of the search.  The FOIA request also seeks the calendars of the DOE officials, to understand with whom they were meeting during the time period in question. Sierra Club seeks these communications due to concerns that DOE decision making is unduly influenced by external entities, and as part of Sierra Club's ongoing national effort to mobilize the public in support of clean energy sources.

30.    On April 2, 2025, DOE sent a letter to Sierra Club acknowledging receipt of the March 28, 2025 FOIA request and assigning it the control number HQ-2025-02714-F. A true and correct copy of that acknowledgement letter is attached hereto as **Exhibit I**.

31.    On April 23, 2025, a FOIA officer for DOE emailed a Sierra Club representative asking to confirm that the time range for the communications and calendars sought is January 20, 2025-April 23, 2025.  The FOIA officer also stated that two of the DOE officials listed in the March 28, 2025 FOIA request had not yet been confirmed. Sierra Club responded the same day to confirm the time range for the documents sought is January 20, 2025 to the date of the search.  Sierra Club also stated that to the extent the two identified DOE officials were current DOE employees, regardless of confirmation, Sierra Club continued to seek responsive records.  A true and correct copy of the April 23, 2025 email thread is attached hereto as **Exhibit J**.

32.    On May 9, 2025, Sierra Club wrote to DOE to seek an update on the status of

the March 28, 2025 FOIA request and request "an estimated date of completion."  In response, DOE wrote,

> At this time, I am unable to provide an estimate of the timeline for you to receive the responsive records.  I am currently working with the program office to ensure that all records are collected for your request.  Once located, the responsive records will be reviewed for sensitivities and hope to provide you with a response shortly upon completion of legal review.

A true and correct copy of the May 9, 2025 email thread is attached hereto as **Exhibit K**.

33.    To date, DOE has not provided any further response to the March 28, 2025 request, made any determinations as to the responsiveness or withholding of documents, nor produced any responsive, non-exempt records called for by the FOIA request.

## **FIRST CLAIM FOR RELIEF**

### **(Violation of FOIA, 5 U.S.C. § 552(a)(7)(B):**

### **Failure to Provide Estimated Dates of Completion)**

34.    Plaintiff re-alleges and incorporates by reference all the foregoing paragraphs in this Complaint as though fully set forth herein.

35.    Sierra Club has a statutory right to have DOE process requests in a manner that complies with FOIA.  5 U.S.C. § 552(a)(3).

36.    FOIA requires that an agency must provide an estimated date by which it will complete action on the FOIA request.  5 U.S.C. § 552(a)(7)(B).

37.    As to the July 10, 2024 request (HQ-2025-02500-F), DOE initially estimated a date of completion of September 30, 2024, but noted that such an estimate was subject to more information from other DOE offices.  DOE did not meet that speculative deadline and has failed to provide an updated estimated date of completion after Sierra Club requested such an estimate on October 28, 2024.  DOE has still not provided an estimated date of completion for the July 10, 2024 request.

38.    Similarly, as to the March 28, 2025 request (HQ-2025-02714-F), DOE has failed to provide an estimated date of completion, including after Sierra Club requested such an estimate on May 9, 2025.

39.    By failing to provide an estimated date of completion to Sierra Club's

FOIA requests, DOE has violated FOIA's mandate to provide a complete response within the timeframe required by the statute and provide information to requestors about the estimated date of completion. *See* 5 U.S.C. § 552(a)(7)(B).

40.     Sierra Club has exhausted the applicable administrative remedies. 5 U.S.C. § 552(a)(4)(B), (a)(6)(C)(i).

41.     Sierra Club is entitled to obtain the requested records immediately at no cost.

42.     DOE's ongoing failure to provide Sierra Club with an estimated time of completion is irreparably harming Sierra Club, and will continue to irreparably harm Sierra Club unless DOE is compelled to comply fully with FOIA.

## SECOND CLAIM FOR RELIEF

### (Violation of FOIA, 5 U.S.C. § 552(a)(6)(A)-(B):

### Failure to Make Formal Determinations)

43.     Plaintiff re-alleges and incorporates by reference all the foregoing paragraphs in this Complaint as though fully set forth herein.

44.     FOIA requires that within 20 working days upon receipt of a FOIA request, an agency determine whether responsive documents exist and whether it will release them. 5 U.S.C. § 552(a)(6)(A); *see also* 10 C.F.R. § 1004.5(d)(1). FOIA requires that an agency may extend the 20 working day deadline to respond to a FOIA request by ten working days due to "unusual circumstances." 5 U.S.C. § 552(a)(6)(B)(i); *see also* 10 C.F.R. § 1004.5(d).

45.     As to the July 10, 2024 FOIA request (HQ-2025-02500-F), DOE did not meet its 20 working day deadline (August 7, 2024) to determine whether responsive documents exist and whether it will release them. DOE did not extend its deadline to respond due to unusual circumstances, nor did DOE meet what the 30 working day deadline (August 21, 2024) would have been if DOE had in fact extended its deadline to respond.

46.     As to the March 28, 2025 FOIA request (HQ-2025-02714-F), DOE did not meet its 20 working day deadline (April 25, 2025) to determine whether responsive

documents exist and whether it will release them.  DOE did not extend its deadline to respond due to unusual circumstances, nor did DOE meet what the 30 working day deadline (May 9, 2025) would have been if DOE had in fact extended its deadline to respond.

47.  By failing to timely make a final determination whether documents responsive to Sierra Club's FOIA requests exist, DOE has violated FOIA's mandate to provide a final determination within the timeframe required by the statute.  *See* 5 U.S.C. § 552(a)(3)(A), (a)(6)(A)(i), (a)(6)(B).

48.  Sierra Club has exhausted the applicable administrative remedies. 5 U.S.C. § 552(a)(4)(B), (a)(6)(C)(i).

49.  Sierra Club is entitled to obtain the requested records immediately at no cost.

50.  DOE's ongoing failure to provide Sierra Club with a final determination in response to Sierra Club's FOIA requests is irreparably harming Sierra Club, and will continue to irreparably harm Sierra Club unless DOE is compelled to comply fully with FOIA.

**THIRD CLAIM FOR RELIEF**

**(Violation of FOIA, 5 U.S.C. § 552(a)(3)(A):**

**Failure to Provide Responsive Documents)**

51.  Plaintiff re-alleges and incorporates by reference all the foregoing paragraphs in this Complaint as though fully set forth herein.

52.  Upon its July 10, 2024 (HQ-2025-02500-F) and March 28, 2025 (HQ-2025-02714-F) FOIA requests to DOE, Sierra Club became statutorily entitled under FOIA to promptly receive from DOE all records responsive to its request.  5 U.S.C. § 552(a)(3)(A); *see also* 5 U.S.C. § 552(a)(6)(A)(i).

53.  To date, DOE has not yet provided Sierra Club with any documents in response to Sierra Club's FOIA requests.  DOE has therefore violated FOIA by failing to timely produce documents responsive to Sierra Club's July 10, 2024 (HQ-2025-02500) and March 28, 2025 (HQ-2025-02714-F) FOIA requests.

54.    Sierra Club has exhausted the applicable administrative remedies. 5 U.S.C. § 552(a)(4)(B), (a)(6)(C)(i).

55.    Sierra Club is entitled to obtain the requested records immediately at no cost.

56.    DOE's ongoing failure to produce any documents responsive to Sierra Club's FOIA requests is irreparably harming Sierra Club, and will continue to irreparably harm Sierra Club unless DOE is compelled to comply fully with FOIA.

**PRAYER FOR RELIEF**

WHEREFORE, Sierra Club respectfully requests that this Court enter judgment against DOE as follows:

1.    Declare that DOE has violated FOIA by failing to provide estimated dates of completion of Sierra Club's FOIA requests;

2.    Declare that DOE has violated FOIA by failing to make a timely formal determination upon Sierra Club's FOIA requests;

3.    Declare that DOE has violated FOIA by failing to produce records responsive to Sierra Club's FOIA requests by the statutory deadlines;

5.    Order that DOE conduct an adequate search for any and all records responsive to Sierra Club's FOIA requests and demonstrate that it diligently searched for and identified responsive documents;

6.    Order that DOE immediately produce to Sierra Club the records requested in Sierra Club's FOIA requests;

7.    Award Sierra Club its litigation costs and reasonable attorneys' fees in this action; and

8.    Grant such other and further relief as the Court deems just and proper.

DATED:  June 13, 2025

Respectfully submitted,

ROSEN BIEN GALVAN & GRUNFELD LLP


By:  */s/ Van Swearingen*

Van Swearingen

Attorneys for Plaintiff SIERRA CLUB

# EXHIBIT A



July 10, 2024

***VIA ELECTRONIC MAIL***

Alexander Morris
U.S. Department of Energy
FOIA Requester Service Center
1000 Independence Avenue, SW
Mail Stop MA-46
Washington, DC 20585
Phone: 202-586-5955
Email: alexander.morris@hq.doe.gov
cc: FOIA-Central@hq.doe.gov

**Re:     Freedom of Information Act Request: Bernard McNamee and other DOE Personnel External Communications**

Dear FOIA Officer:

This is a request under the Freedom of Information Act, 5 U.S.C. § 552, *as amended* ("FOIA"), and the regulations of the Department of Energy set forth at 10 C.F.R. § 1004 from Sierra Club, a nonprofit organization whose purpose is to explore, enjoy and protect the wild places of the earth; to practice and promote the responsible use of the earth's ecosystems and resources; and to educate and enlist humanity to protect and restore the quality of the natural and human environments.

<u>**REQUESTED RECORDS**</u>

Sierra Club requests Records of the following type in the possession, custody, or control of the U.S. Department of Energy ("DOE").

1. <u>For the time period starting May 1, 2017 to December 31, 2018</u>: all emails and text messages from or to Bernard McNamee[1] that include as a recipient or sender any email account ending in any of the domain names listed in Attachment A (e.g., [name]@[domain name listed in Attachment A]); and

---

[1] Mr. McNamee was employed in the Office of Policy from June 2018 through December 2018; he was also employed by DOE from May 2017 through June 2018, as Deputy General Counsel for Energy Policy.

2. <u>For the time period starting May 1, 2017 to December 31, 2018</u>: all emails and text messages from or to Bernard McNamee's administrative assistant(s)[2] that include as a recipient or sender any email account ending in any of the domain names listed in Attachment A.

## EXEMPT RECORDS

Should you decide to invoke a FOIA exemption with regard to any of the requested records, please include in your full or partial denial letter sufficient information for the Sierra Club to appeal the denial. To comply with legal requirements, the following information must be included:

1. Basic factual material about each withheld item, including the originator, date, length, general subject matter, and location of each item; and

2. Explanations and justifications for denial, including the identification of the category within the governing statutory provision under which the document (or portion thereof) was withheld and a full explanation of how each exemption fits the withheld material.

If you determine that portions of the records requested are exempt from disclosure, we request that you segregate the exempt portions and deliver the non-exempt portions of such records to my attention at the address below within the statutory time limit. 5 U.S.C. § 552(b).

## FORMAT OF REQUESTED RECORDS

Under FOIA, you are obligated to provide records in the format requested if the record is readily reproducible by the agency in that format. *See, e.g.*, 5 U.S.C. § 552(a)(3)(B). We request that you provide electronic documents individually, and not as batched files.  Specifically, for any document stored as Electronically Stored Information (ESI), we request that the document be produced in the native file type.  This includes e-mail (whether sent, received or drafted), word-processing files, tables, charts, graphs and database files, electronic calendars, proprietary software files, and spreadsheets.  ESI can also be provided in the form of a load file that includes a common file type (TIFF, HTML, PDF) while maintaining access to the native file and its source data, including the ability to keyword search documents.

## RECORD DELIVERY

We appreciate a prompt determination on the requested records. As mandated in FOIA, we anticipate a reply within 20 working days. 5 U.S.C. § 552(a)(6)(A)(i). Failure to comply within the statutory timeframe may result in Sierra Club filing an action before the relevant U.S. District Court to ensure timely receipt of the requested materials. You may email copies of the requested records to:

---

[2] All DOE staff, current and former who directly supported Mr. McNamee's scheduling during his tenure at DOE.

David Abell
david.abell@sierraclub.org

If you are unable to deliver the documents through electronic means, please deliver the documents to:

David Abell
Sierra Club - Environmental Law Program
2101 Webster Street, Suite 1300
Oakland, CA 94612

Please send documents on a rolling basis. DOE's search for—or deliberations concerning—certain records should not delay the production of others that DOE has already retrieved and elected to produce. *See generally* 10 C.F.R. § 1004.5 (describing response deadlines).

## <u>REQUEST FOR EXPEDITED PROCESSING</u>

Sierra Club respectfully seeks expedited processing pursuant to 5 U.S.C. § 552(a)(6)I(i) and 10 C.F.R. § 1004.5(d)(6), which applies to "an urgency to inform the public about an actual or alleged Federal government activity, if the information is requested by a person primarily engaged in disseminating information to the public." In support of this request I certify that the following information is true and correct to the best of my knowledge and belief:

1. Sierra Club's Freedom of Information Act work has been nationally recognized for its success in exposing corruption and extremism in the Trump Administration. Former EPA Administrator Scott Pruitt and Chief Air Quality official Bill Wehrum resigned due in part to information exposed through Sierra Club's Freedom of Information requests. As an article in the Hill stated, "A Trump administration official described the string of FOIA documents following the Sierra Club's lawsuit as 'the silver bullet' that ended Pruitt,"[3] and a Slate article opined that "Some of the wildest misconduct from the Pruitt era may never have made it into the public eye were it not for the Sierra Club."[4] Below are a few examples of what Sierra Club documents have revealed in recent past:
   a. An ex-lobbyist for foreign governments and oil companies helped plan Scott Pruitt a trip to Australia;[5]
   b. Scott Pruitt's dinner with climate-science denier Cardinal George Pell at a luxurious hotel in Rome came after Pruitt and the agency were already aware that the Cardinal had been under investigation for sexual assault. The meeting was scrubbed from public versions of Pruitt's schedule, and the cardinal, who faces

---

[3] https://thehill.com/policy/energy-environment/396000-ex-aide-says-hell-take-credit-for-pruitts-downfall.
[4] https://slate.com/technology/2018/07/scott-pruitt-how-the-sierra-club-declared-war-on-the-epa-head-and-won.html.
[5] https://www.wsj.com/articles/ex-lobbyist-tried-to-organize-australia-trip-for-epa-chief-scott-pruitt-1525317060.

charges in Australia, was arrested three weeks after the dinner;[6]
c.  Scott Pruitt enlisted an EPA aide to help his wife find a job - with Chick-fil-A;[7]
d.  Wehrum gave a presentation in 2019 at a gathering of some of the most zealous deniers of climate science.[8]

Some of the same industry representatives and others working to dismantle protections for public lands that worked at DOE during the Trump Administration are expected to return if President Trump is reelected this November. Information about these former DOE staffers – whether through their own communications or those of their assistants and schedulers – is therefore of urgent public interest. Information about industry's and other lobbyists' influence over these political appointees and other political hires will help educate the public in deciding how to cast their vote, and could influence the confirmation process for their reappointment should there be a second Trump Administration. Given the long delays Sierra Club has often experienced in seeking responses to FOIA requests from DOE, expedited processing will ensure that Sierra Club can obtain the records in time to share relevant information with the public before the election and before any confirmation hearings beginning in early 2025.

## <u>FEE WAIVER REQUEST</u>

I respectfully request that you waive all fees in connection with this request as provided by 5 U.S.C. § 552(a)(4)(A)(iii) and 10 C.F.R. § 1004.9(a)(8). Sierra Club is the nation's oldest grassroots organization with more than 1.6 million members and supporters nationwide. Sierra Club is a leading non-governmental organization seeking to educate and mobilize the public on issues of environmental protection including climate change, fossil fuel energy, clean energy and clean water. Sierra Club has spent years promoting the public interest through the development of policies that protect human health and the environment, and has routinely received fee waivers under FOIA.

FOIA was designed to provide citizens a broad right to access government records. FOIA's basic purpose is to "open agency action to the light of public scrutiny," with a focus on the public's "right to be informed about what their government is up to." *U.S. Dep't of Justice v. Reporters Comm. For Freedom of Press*, 489 U.S. 749, 773-74 (1989) (internal quotation and citations omitted). In order to provide public access to this information, FOIA's fee waiver provision requires that "[d]ocuments shall be furnished without any charge or at a [reduced] charge," if the request satisfies the standard. 5 U.S.C. § 552(a)(4)(A)(iii). The 1986 fee waiver amendments were designed specifically to provide non-profit organizations such as Sierra Club access to government records without the payment of fees. *Ettlinger v. FBI*, 596 F. Supp. 867, 872 (D. Mass. 1984) (fee waiver provision intended "to prevent government agencies from using high

---

[6] https://www.nytimes.com/2018/05/11/climate/pruitt-cardinal-pell-dinner.html.
[7] https://www.washingtonpost.com/national/health-science/scott-pruitt-enlisted-an-epa-aide-to-help-his-wife-find-a-job--at-chick-fil-a/2018/06/05/b798e4e4-5eac-11e8-9ee3-49d6d4814c4c_story.html.
[8] https://www.washingtonpost.com/climate-environment/2019/06/26/epas-top-air-policy-official-steps-down-amid-scrutiny-over-possible-ethics-violations/.

fees to discourage certain types of requesters and requests," which are "consistently associated with requests from journalists, scholars, and non-profit public interest groups.").

As explained below, this FOIA request satisfies the factors listed in DOE's governing regulations for waiver or reduction of fees, as well as the requirements of fee waiver under the FOIA statute – that "disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." 5 U.S.C. § 552(a)(4)(A)(iii), *see also* 10 C.F.R. § 1004.9(a)(8).

1. **The subject matter of the requested records specifically concerns identifiable "operations and activities of the government."**

The requested records relate to the communications of Bernard McNamee and other former DOE personnel, which reflect the activities and work of Mr. McNamee on behalf of the agency. By their very definition, the documents concern "identifiable operations or activities of the government."

2. **The disclosure of the requested documents would be meaningfully informative and "likely to contribute to an understanding of Federal government operations or activities."**

Disclosure of the requested records will allow Sierra Club to convey information to the public about the communications of Bernard McNamee, which will reflect his actions, objectives, and priorities, and specifically how outside parties influenced him.

Once the requested documents are made available, Sierra Club will analyze them and present its findings to its members and online activists and the general public in a manner that will meaningfully enhance the public's understanding of how Mr. McNamee and potentially other former DOE personnel had been acting and operating. The documents requested will thus be "meaningfully informative" and "likely to contribute" to an understanding of DOE's operations.

The requested records are not otherwise in the public domain and are not accessible other than through a FOIA request. Indeed, the request explicitly excludes those documents already publicly available. Thus, the requested documents provide information that is not already in the public domain and are accordingly likely to meaningfully contribute to public understanding of governmental operations. As discussed further below, the requested records relate to the activities of Bernard McNamee and other former DOE personnel; Mr. McNamee has long been associated with interests furthering fossil fuel development at the expense of clean energy and thus it is of significant public concern as his name is surfacing in news articles suggesting a return to DOE under a second Trump Administration.

**3.  The disclosure would contribute to the understanding of the public at large, as opposed to the individual understanding of the requester or a narrow segment of interested persons.**

Sierra Club has longstanding experience and expertise in the subject area of the FOIA requests, including issues related to government accountability and transparency, the Clean Air Act, Clean Water Act, climate policy, the protection of the natural environment, and the development and use of energy resources.

Sierra Club disseminates the information it receives through FOIA requests in a variety of ways, including: analysis and distribution to the media, distribution through publication and mailing, posting on its website, emailing and list serve distribution to our members across the U.S., and via public meetings and events. Every year the Sierra Club website receives over 15 million page views by 5,492,373 users; on average, the site gets 39,000 visits per day. *Sierra* is a quarterly magazine with a printed circulation of approximately 440,000 copies. An additional 50,000 Sierra Club members receive a "tree-free" digital replica edition. Sierra publishes online daily at www.sierramagazine.org and reaches about 125,000 readers a month, most of whom are not Sierra Club members or supporters. Sierra Club Insider, an electronic newsletter, is sent to over 2.2 million people twice a month. In addition, Sierra Club disseminates information obtained by FOIA requests through comments to administrative agencies, and where necessary, through the judicial system.

Sierra Club intends to share the information received from this FOIA request with the public at large, our members, the media and our allies who share a common interest in the operations of the DOE.

Sierra Club unquestionably has the "specialized knowledge" and "ability and intention" to disseminate the information requested in the broad manner outlined above, and to do so in a manner that contributes to the understanding of the "public-at-large."

**4.  The disclosure would contribute "significantly" to public understanding of government operations or activities.**

As discussed in section (2) above, the records requested will significantly contribute to the public understanding of governmental operations, and activities. Disclosure of Bernard McNamee's communications and other interactions with outside parties will significantly enhance the public's understanding of whether Mr. McNamee and other DOE personnel were advancing the stated mission of the DOE to protect public health and the environment, or whether they are advancing another agenda.  Mr. McNamee has a history of close alliance with the fossil fuel industry, and thus his activities – and communications with outside entities – now that he is rumored to return to the agency under a second Trump Administration are of great concern to Sierra Club and its members.

6

**5.  The requester has no commercial interest that would be furthered by the requested disclosure.[9]**

Sierra Club has no commercial interest in the requested records. Nor does it have any intention to use these records in any manner that "furthers a commercial, trade, or profit interest" as those terms are commonly understood. Sierra Club is a nonprofit, tax-exempt organization under sections 501(c)(3) and 501(c)(4) of the Internal Revenue Code, and as such has no commercial interest. The requested records will be used for the furtherance of Sierra Club's mission to inform the public on matters of vital importance to the environment and public health.

Sierra Club respectfully requests that DOE waive processing and copying fees pursuant to 5 U.S.C. § 552(a)(4)(A) because the public will be the primary beneficiary of this requested information. In the event that your agency denies a fee waiver, please send a written explanation for the denial. In the event that fees are ultimately assessed, please do not incur expenses beyond $250 without first contacting our office for explicit authorization.

Thank you for your cooperation. If you find that this request is unclear in any way please do not hesitate to call me to see if I can clarify the request or otherwise expedite and simplify your efforts to comply. I can be reached at (415) 977-5764 or by email at david.abell@sierraclub.org.

David Abell
Sierra Club Environmental Law Program
2101 Webster Street, Suite 1300
Oakland, CA 94612

---

[9] Because Sierra Club has no commercial interest, it is not necessary to consider the final factor for a fee waiver, which compares the magnitude of an identified commercial interest to the public interest in disclosure.

**Sierra Club FOIA - Attachment A**

| Organization Name | Organization Domain(s) |
|---|---|
| Alliance Resource Partners LP | arlp.com |
| Alpha Metallurgical Resources | alphanr.com |
| America's Electric Cooperatives | nreca.org |
| American Biomass Energy Association | usabiomass.org |
| American Coal Council | americancoalcouncil.org |
| American Fuel & Petrochemical Manufacturers | afpm.org |
| American Gas Association | aga.org |
| American Legislative Exchange Council | alec.org |
| American Petroleum Institute | api.org |
| American Public Power Association | publicpower.org |
| Americans for Prosperity | afphq.org |
| Americans for Tax Reform | atr.org |
| Arch Resources, Inc | archcoal.com |
| Balch & Bingham LLP | balch.com |
| Becker Lawyers | bplegal.com |
| BNSF Railway | bnsf.com |
| Bockorny Group | bockornygroup.com |
| BP | bp.com |
| Breitbart | breitbart.com |
| Cato Institute | cato.org |
| Chemours | chemours.com |
| Chevron | chevron.com |
| Clean Fuels Alliance America | biodiesel.org |
| Competitive Enterprise Institute | cei.org |
| Crowell | crowell.com |
| Dow | dow.com |
| Duke Energy | duke-energy.com |
| Edison Electric Institute | eei.org |
| Enbridge | enbridge.com |
| EPRI | epri.com |
| Exxon Mobil | exxonmobil.com |
| Faegre Drinker Biddle & Reath LLP | faegrebd.com |

**Sierra Club FOIA - Attachment A**

| | |
|---|---|
| Family Research Council | frc.org |
| Fox Business | foxbusiness.com |
| Fox News | foxnews.com |
| Fox TV | foxtv.com |
| Fox23 | fox23.com |
| Fox61 | fox61.com |
| George Mason University, Mercatus Center | mercatus.gmu.edu |
| Gibson Dunn | gibsondunn.com |
| Hess | hess.com |
| Hunton Andrews Kurth | hunton.com |
| IADC | iadc.org |
| IPAA | ipaa.org |
| Kinder Morgan | kindermorgan.com |
| Koch | kochind.com; kochps.com |
| Lignite Energy Council | lignite.com |
| Manhattan Institute | manhattan-institute.org |
| Marathon | marathonpetroleum.com |
| Marathon Oil | marathonoil.com |
| McGuireWoods | mcguirewoods.com |
| Morgan Lewis | morganlewis.com |
| National Black Chamber of Commerce | nationalbcc.org |
| National Mining Association | nma.org |
| NTK News | ntknetwork.com |
| Peabody Energy | peabodyenergy.com |
| Pebble | pebblepartnership.com |
| Renewable Fuels Association | ethanolrfa.org |
| Republican Attorneys General | republicanags.com |
| Republican Governors Association | rga.org |
| Rule of Law Defense Fund | ruleoflawdefensefund.org |
| Senator Ted Cruz | cruz.senate.gov |
| Shell | shell.com |
| Sidley | sidley.com |
| SJ Steptoe & Johnson PLLC | steptoe-johnson.com |

## Sierra Club FOIA - Attachment A

| | |
|---|---|
| State of Texas | State.tx.us |
| State Policy Network | spn.org |
| Statoil | statoil.com |
| Tea Party Patriots Action | teapartypatriots.org |
| Texas Office of the Attorney General | texasattorneygeneral.gov |
| Texas Oil & Gas Association | txoga.org |
| Texas Public Policy Foundation | texaspolicy.com |
| The Coalition for Renewable Natural Gas | rngcoalition.com |
| The Federalist Society | fedsoc.org; fed-soc.org |
| The Heartland Institute | heartland.org |
| The Heritage Foundation | heritage.org |
| The Republican National Committee | gop.com; action.gop.com |
| The Washington Free Beacon | freebeacon.com |
| U.S. Chamber of Commerce | uschamber.com |
| Venable LLP | venable.com |
| West Virginia Coal Association | wvcoal.com |

# EXHIBIT B



# Department of Energy
Washington, DC 20585

July 14, 2024

David Abell
Sierra Club Environmental Law Program
2101 Webster Street, Suite 1300
Oakland, California, 94604

HQ-2024-02500-F

Re: 1. For the time period starting May 1, 2017 to December 31, 2018: all emails and text messages from or to Bernard McNamee1 that include as a recipient or sender any email account ending in any of the domain names listed in Attachment A (e.g., [name]@[domain name listed in Attachment A]); and
2. For the time period starting May 1, 2017 to December 31, 2018: all emails and text messages from or to Bernard McNamee's administrative assistant(s)2 that include as a recipient or sender any email account ending in any of the domain names listed in Attachment A.

Dear David Abell:

Thank you for the request for information that you made to the Department of Energy (DOE) under the Freedom of Information Act (FOIA), 5 U.S.C. 552.  Your letter was received in this office on July 11, 2024, and has been assigned a controlled number, HQ-2024-02500-F.   Since we receive several hundred requests a year, please use this number in any correspondence with the Department about your request.

We are reviewing your letter to determine if it addresses all of the criteria of a proper request under the FOIA and the DOE regulation that implements the FOIA at Title 10, Code of Federal Regulations, Part 1004.  We will send you a subsequent letter to inform you if we need additional information or to state where the request has been assigned to conduct a search for responsive documents.

I appreciate the opportunity to assist you with this matter.  If you have any questions about this letter, please contact this office at FOIA-Central@hq.doe.gov.

Sincerely,

/s/ Alexander C. Morris

Alexander C. Morris

[4713202.1]

 

FOIA Officer
Department of Energy

# EXHIBIT C



**David Abell <david.abell@sierraclub.org>**

---

## RE Your FOIA Request number HQ-2024-02500-F

**David Abell** <david.abell@sierraclub.org>                    Mon, Aug 12, 2024 at 9:52 AM
To: adriana.stevens@hq.doe.gov

Can you please provide a status update on Sierra Club's FOIA request?

Thank you,



**David Abell**

**Managing Paralegal**

**Sierra Club Environmental Law Program**

**Pronouns: he/him**

**510-506-4514** | Pacific Time Zone

david.abell@sierraclub.org

CONFIDENTIAL LEGAL COMMUNICATION/WORK PRODUCT
This e-mail may contain privileged and confidential attorney-client communications and/or confidential attorney work product. If you receive this e-mail inadvertently, please reply and notify the sender and delete all versions on your system. Thank you.

[Quoted text hidden]

EXHIBIT D



**Department of Energy**
Washington, DC 20585

August 29, 2024

David Abell
Sierra Club
Environmental Law Program

Via email:  David.abell@sierraclub.org

RE:  HQ-2024-02500-F

Dear Mr. David Abell:

This is an interim response to the request for information that you sent to the Department of Energy (DOE) under the Freedom of Information Act (FOIA), 5 U.S.C. § 552.  You requested the following:

> For the time period starting May 1, 2017 to December 31, 2018: all emails and text messages from or to Bernard McNamee1 that include as a recipient or sender any email account ending in any of the domain names listed in Attachment A (e.g., [name]@[domain name listed in Attachment A]); and
>
> For the time period starting May 1, 2017 to December 31, 2018: all emails and text messages from or to Bernard McNamee's administrative assistant(s)2 that include as a recipient or sender any email account ending in any of the domain names listed in Attachment A.

Upon completion of the search and review of any records located, you will be provided a response.

In your request, you requested a waiver of all fees associated with the processing of this request.  For purposes of assessment of any fees, you have been categorized under the DOE regulation that implements the FOIA at Title 10, Code of Federal Regulations (CFR), Section 1004.9(b)(3), as a "other" requester.  Requesters in this category are entitles to two hours of search time and 100 pages of duplication at no cost.

Pursuant to 10 CFR 1004.9(8), I have reviewed the information you provided in the request to support your request for a fee waiver.  I have determined that the information satisfies the criteria considered for a waiver of fees.  A waiver, therefore, is appropriate for any fees that may be incurred because the subject of the request relates to a government activity, and information about the activity could lead to greater understanding by the public about the matter.  You also have demonstrated the ability and intent of your organization to

disseminate the information to the public in a form that can further understanding of the subject matter.

In your request, you requested expedited processing of your request. In your request, you provided the following specific justification for expedited processing:

> Information about these former DOE staffers – whether through their own communications or those of their assistants and schedulers – is therefore of urgent public interest. Information about industry's and other lobbyists' influence over these political appointees and other political hires will help educate the public in deciding how to cast their vote, and could influence the confirmation process for their reappointment should there be a second Trump Administration.

The FOIA permits agencies to expedite the processing of requests if requesters demonstrate a "compelling need." 5 U.S.C. § 552(a)(6)(E)(i)(I). A "compelling need" is established when one of two criteria are met. 5 U.S.C. § 552(a)(6)(E)(v)(II). The criteria are met when (1) failure to obtain the records quickly "could reasonably be expected to pose an imminent threat to the life or physical safety of an individual," or (2) if the "requester is primarily engaged in, disseminating information" and can demonstrate that there is an "urgency to inform the public concerning actual or alleged Federal Government activity." _Id._

The reasons you have provided do not adequately address the basis for which a request may be expedited. You have not provided material that establishes that there is any threat to the life or safety of an individual that would justify expeditious processing of the request.

In order to determine whether a requester has demonstrated an "urgency to inform," and hence a "compelling need," courts consider at least three factors: (1) whether the request concerns a matter of current exigency to the American public; (2) whether the consequences of delaying a response would compromise a significant recognized interest; and (3) whether the request concerns federal government activity. _Al-Fayed v. C.I.A._, 254 F. 3d 300,310 (D.C. Cir. 2001); _Associated Press v. DOE_, Case No. TFA-0273 (September 11, 2008). Your request does adequately address factors one or two.

Your request does not sufficiently address factor one or two. For these reasons, I am denying your request for expeditious processing. The request will be processed in accordance with provisions of the FOIA.

The denial of your request for expedited processing may be appealed within 90 calendar days from your receipt of this letter pursuant to 10 C.F.R. § 1004.8. Appeals should be addressed to Director, Office of Hearings and Appeals, HG-I, L'Enfant Plaza, U.S. Department of Energy, 1000 Independence Avenue, S.W., Washington, D.C. 20585-1615. The written appeal, including the envelope, must clearly indicate that a FOIA appeal is being made. You may also submit your appeal by e-mail to OHA.filings@hq.doe.gov, including the phrase "Freedom of Information Appeal" in the subject line. (This is the method preferred by the Office of Hearings and Appeals.) The appeal must contain all the

elements required by 10 C.F.R. § 1004.8, including a copy of the determination letter. Thereafter, judicial review will be available to you in the Federal District Court either (1) in the district where you reside, (2) where you have your principal place of business, (3) where DOE's records are situated, or (4) in the District of Columbia.

You may contact DOE's FOIA Public Liaison, Alexander Morris, FOIA Officer, Office of Public Information, at FOIA-Central@hq.doe.gov, or by mail at MA-46/Forrestal Building, 1000 Independence Avenue, S.W., Washington, D.C. 20585, for any further assistance and to discuss any aspect of your request. Additionally, you may contact the Office of Government Information Services (OGIS) at the National Archives and Records Administration to inquire about the FOIA mediation services they offer. The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001, e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

Please refer to the above referenced number in any communications about the request. If you have any questions about the processing of your request, you may contact Adriana Stevens, or myself, in this office at MA-46/Forrestal Building, 1000 Independence Avenue, SW, Washington, DC 20585.

I appreciate the opportunity to assist you with this matter.

Sincerely,


Alexander C. Morris
FOIA Officer
Office of Public Information

EXHIBIT E



**David Abell <david.abell@sierraclub.org>**

## DOE FOIA Request Number HQ-2024-02500 Interim Response

**Stevens, Adriana (CONTR)** <adriana.stevens@hq.doe.gov>                    Thu, Sep 5, 2024 at 4:07 PM
To: David Abell <david.abell@sierraclub.org>

Good evening,

We are currently consulting with other offices within the Department of Energy to locate any records that may be responsive to your request.  We are currently awaiting responses from those offices. Once we receive a response from those offices, we can provide you an accurate date of completion otherwise, the estimated date of completion is September 30, 2024.

Yes, if there are responsive records, we can release partial responses to you.

[Quoted text hidden]

*******************************************************************
This message does not originate from a known Department of Energy email system.
Use caution if this message contains attachments, links or requests for information.

*******************************************************************

EXHIBIT F



**David Abell <david.abell@sierraclub.org>**

## DOE FOIA Request Number (HQ-2024-02500)

**Stevens, Adriana (CONTR) <adriana.stevens@hq.doe.gov>**          Thu, Dec 26, 2024 at 12:31 PM
To: David Abell <david.abell@sierraclub.org>

Good afternoon, David,

Thank you for contacting our office. I am unable to provide an estimate for when you might receive responsive records. Once responsive records are located, they will be reviewed for sensitivities and hope to provide you with a response shortly upon completion of legal review.

I appreciate your patience with this process.

Respectfully,

Adriana Stevens

FOIA Analysis

Wits Solutions Inc. – Contractor

U.S. Department of Energy FOIA Office

1000 Independence Ave. SW

Washington DC 20585

**From:** David Abell <david.abell@sierraclub.org>
**Sent:** Friday, December 20, 2024 2:24 PM
**To:** Stevens, Adriana (CONTR) <adriana.stevens@hq.doe.gov>
**Subject:** Re: FW: [EXTERNAL] Re: DOE FOIA Request Number (HQ-2024-02500)

Can you please provide me a status update on Sierra Club's request by or before Monday, December 23rd?

Thank you,



**David Abell**
**Managing Paralegal**
**Sierra Club Environmental Law Program**
**Pronouns: he/him**
**510-506-4514** | Pacific Time Zone
david.abell@sierraclub.org

CONFIDENTIAL LEGAL COMMUNICATION/WORK PRODUCT

This e-mail may contain privileged and confidential attorney-client communications and/or confidential attorney work product. If you receive this e-mail inadvertently, please reply and notify the sender and delete all versions on your system. Thank you.

On Mon, Nov 4, 2024 at 8:28 AM Stevens, Adriana (CONTR) <adriana.stevens@hq.doe.gov> wrote:

Good morning, David,

Thank you for approving the updated search parameters for McNamee. I am unable to provide an estimate for when you might receive responsive records.  Once responsive records are located, they will be reviewed for sensitivities and hope to provide you with a response shortly upon completion of legal review.

With respect to " For the time period starting May 1, 2017 to December 31, 2018: all emails and text messages from or to Bernard McNamee's administrative assistant(s) that include as a recipient or sender any email account ending in any of the domain names listed in Attachment A". At this moment, we are still actively working with the program office(s) as they continue to search for documents that may be responsive to this portion of your request. If you have any additional information, such as names of McNamee administrative assistant(s), please let me know as this can assist with processing this portion of the request.

Respectfully,

Adriana Stevens

FOIA Analysis

Wits Solutions Inc. – Contractor

U.S. Department of Energy FOIA Office

1000 Independence Ave. SW

Washington DC 20585

**From:** David Abell <david.abell@sierraclub.org>
**Sent:** Monday, October 28, 2024 8:05 PM
**To:** Stevens, Adriana (CONTR) <adriana.stevens@hq.doe.gov>
**Subject:** Re: [EXTERNAL] Re: DOE FOIA Request Number (HQ-2024-02500)


Hello Adriana,


I am writing to confirm Sierra Club approves the updated search parameters for McNamee. Can you please let me know when Sierra Club can anticipate receiving documents from this portion of our FOIA request?


_Re: "We are still reaching out to the assigned program office(s) who we believe may have responsive materials to the following portion of your request: 2. Bernard McNamee's administrative assistant(s)"_


Can you please let me know when Sierra Club can expect a response for this portion of our request and why it is taking longer to collect, review, and produce it? Your last email was unclear, would McNamee's administrative assistant(s) staff be in a different program office than him?


Thank you,

**David Abell**
**Managing Paralegal**
**Sierra Club Environmental Law Program**
**Pronouns: he/him**
**510-506-4514** | Pacific Time Zone
david.abell@sierraclub.org


CONFIDENTIAL LEGAL COMMUNICATION/WORK PRODUCT

This e-mail may contain privileged and confidential attorney-client communications and/or confidential attorney work product. If you receive this e-mail inadvertently, please reply and notify the sender and delete all versions on your system. Thank you.


On Mon, Oct 28, 2024 at 10:55 AM Stevens, Adriana (CONTR) <adriana.stevens@hq.doe.gov> wrote:

Good morning, David,


I apologize for the delayed response. Please review and advise if you approve the updated search parameters:

PARAMETERS for your OK:

1. Email search of a certain DOE employees.
2. Date range for the search is from May 1st, 2017 to December 31, 2018.

3. Search Parameters for the "to" or "from" or "cc" or "bcc" fields:

a.    @arlp.com
b.    @alphanr.com
c.    @nreca.org
d.    @usabiomass.org
e.    @americancoalcouncil.org
f.    @afpm.org

g.      @aga.org
h.      @alec.org
i.      @api.org
j.      @publicpower.org
k.      @afphq.org
l.      @atr.org
m.      @archcoal.com
n.      @balch.com
o.      @bplegal.com
p.      @bnsf.com
q.      @bockornygroup.com
r.      @bp.com
s.      @breitbart.com
t.      @cato.org
u.      @chemours.com
v.      @chevron.com
w.      @biodiesel.org
x.      @cei.org
y.      @crowell.com
z.      @dow.com
aa.     @duke-energy.com
ab.     @eei.org
ac.     @enbridge.com
ad.     @epri.com
ae.     @exxonmobil.com
af.     @faegrebd.com
ag.     @frc.org
ah.     @foxbusiness.com
ai.     @foxnew.com
aj.     @foxtv.com
ak.     @fox23.com
al.     @fox61.com
am. @mercatus.gmu.edu
an.     @gibsondunn.com
ao.     @hess.com
ap.     @hunton.com
aq.     @iadc.org
ar.     @ipaa.org
as.     @kindermorgan.com
at.     @kochind.com
au.     @kochps.com
av.     @lignite.com
aw. @manhattan-institute.org
ax.     @marathonpetroleum.com
ay.     @marathonoil.com
az.     @mcguirewoods.com
ba. @morganlewis.com
bb. @nationalbcc.org
bc. @nma.org
bd. @ntknetwork.com
be. @peabodyenergy.com
bf.     @pebblepartnership.com
bg. @ethanolrfa.org
bh. @republicanags.com
bi.     @rga.org
bj.     @ruleoflawdefensefund.org
bk. @cruz.senate.gov
bl.     @shell.com
bm. @sidley.com
bn. @steptoe-johnson.com
bo. @state.tx.us

  bp. @spn.org
  bq. @statoil.com
   br.        @teapartypatriots.org
   bs.        @texasattorneygeneral.gov
   bt.        @txoga.org
  bu. @texaspolicy.com
  bv. @rngcoalition.com
  bw. @fedsoc.org
  bx. @fed-soc.org
  by. @heartland.org
  bz. @heritage.org
  ca. @gop.com
  cb. @action.gop.com
  cc. @freebeacon.com
  cd. @uschamber.com
  ce. @venable.com
  cf. @wvcoal.com

Email accounts to be searched:

        Bernard McNamee

We are still reaching out to the assigned program office(s) who we believe may have responsive materials to the following portion of your request:

        "2. For the time period starting May 1, 2017 to December 31, 2018:

        all emails and text messages from or to Bernard McNamee's administrative

        assistant(s) that include as a recipient or sender any email account ending in

        any of the domain names listed in Attachment A."

I appreciate your time.


Respectfully,


Adriana Stevens

FOIA Analysis

Wits Solutions Inc. – Contractor

U.S. Department of Energy FOIA Office

1000 Independence Ave. SW

Washington DC 20585

---

**From:** David Abell <david.abell@sierraclub.org>
**Sent:** Wednesday, October 23, 2024 4:03 PM

**To:** Stevens, Adriana (CONTR) <adriana.stevens@hq.doe.gov>
**Subject:** [EXTERNAL] Re: DOE FOIA Request Number (HQ-2024-02500)

Adriana,

I have not received a response to my October 7, 2024 reply re search parameters. Can you please provide me with a response to the questions that were presented in that email?

Thank you,

**David Abell**
**Managing Paralegal**
**Sierra Club Environmental Law Program**
**Pronouns: he/him**
**510-506-4514** | Pacific Time Zone
david.abell@sierraclub.org

CONFIDENTIAL LEGAL COMMUNICATION/WORK PRODUCT

This e-mail may contain privileged and confidential attorney-client communications and/or confidential attorney work product. If you receive this e-mail inadvertently, please reply and notify the sender and delete all versions on your system. Thank you.

On Mon, Oct 7, 2024 at 4:58 PM David Abell <david.abell@sierraclub.org> wrote:

Can you please let me know why the following domains have been excluded in your search parameters list?

| American Legislative Exchange Council | alec.org | MISSING |
|---|---|---|
| American Petroleum Institute | api.org | MISSING |
| Koch | kochind.com; kochps.com | MISSING |

Re parameter 3; can DOE also include the following fields: <u>Search Parameters for the "to" or "from" or "cc" or "bcc" fields</u>?

Sierra Club's FOIA request also sought the records of: "2. For the time period starting May 1, 2017 to December 31, 2018: all emails and text messages from or to Bernard McNamee's administrative assistant(s) that include as a recipient or sender any email account ending in any of the domain names listed in Attachment A." Your prior email states the email accounts to be searched: Bernard McNamee. Does DOE intend to search the email account(s) of the DOE staffer(s) who supported Mr. McNamee during the time period of May 1, 2017 to December 31, 2018? If so, will these searches be done at a later date, and if so, can DOE produce Mr. McNamee's and other DOE staffer's documents on a rolling basis?

Thank you,

**David Abell**
**Managing Paralegal**
**Sierra Club Environmental Law Program**
**Pronouns:** he/him
**510-506-4514** | Pacific Time Zone
david.abell@sierraclub.org

CONFIDENTIAL LEGAL COMMUNICATION/WORK PRODUCT

This e-mail may contain privileged and confidential attorney-client communications and/or confidential attorney work product. If you receive this e-mail inadvertently, please reply and notify the sender and delete all versions on your system. Thank you.

On Fri, Oct 4, 2024 at 9:00 AM Stevens, Adriana (CONTR) <adriana.stevens@hq.doe.gov> wrote:

Good afternoon, David Abell:

We have reached out to the assigned program office who we believe may have responsive materials to your request. We have search parameters, which we believe will capture information pertaining to your request. Please review and advise if you approve the search parameters.

PARAMETERS for your OK:

1. Email search of a certain DOE employees.

2. Date range for the search is from May 1st, 2017 to December 31, 2018.

3. Search Parameters for the "to" or "from" fields:

    a.    @arlp.com
    b.    @alphanr.com
    c.    @nreca.org
    d.    @usabiomass.org
    e.    @americancoalcouncil.org
    f.    @afpm.org
    g.    @aga.org
    h.    @publicpower.org
    i.    @afphq.org
    j.    @atr.org
    k.    @archcoal.com
    l.    @balch.com
    m.    @bplegal.com

n.   @bnsf.com
o.   @bockornygroup.com
p.   @bp.com
q.   @breitbart.com
r.   @cato.org
s.   @chemours.com
t.   @chevron.com
u.   @biodiesel.org
v.   @cei.org
w.   @crowell.com
x.   @dow.com
y.   @duke-energy.com
z.   @eei.org
aa.  @enbridge.com
ab.  @epri.com
ac.  @exxonmobil.com
ad.  @faegrebd.com
ae.  @frc.org
af.  @foxbusiness.com
ag.  @foxnew.com
ah.  @foxtv.com
ai.  @fox23.com
aj.  @fox61.com
ak.  @mercatus.gmu.edu
al.  @gibsondunn.com
am. @hess.com
an.  @hunton.com
ao.  @iadc.org
ap.  @ipaa.org
aq.  @kindermorgan.com
ar.  @lignite.com
as.  @manhattan-institute.org
at.  @marathonpetroleum.com
au.  @marathonoil.com
av.  @mcguirewoods.com
aw. @morganlewis.com
ax.  @nationalbcc.org
ay.  @nma.org
az.  @ntknetwork.com
ba. @peabodyenergy.com
bb. @pebblepartnership.com
bc. @ethanolrfa.org
bd. @republicanags.com
be. @rga.org
bf.  @ruleoflawdefensefund.org
bg. @cruz.senate.gov
bh. @shell.com
bi.  @sidley.com
bj.  @steptoe-johnson.com
bk. @state.tx.us
bl.  @spn.org
bm. @statoil.com
bn. @teapartypatriots.org
bo. @texasattorneygeneral.gov
bp. @txoga.org
bq. @texaspolicy.com
br.  @rngcoalition.com
bs.  @fedsoc.org
bt.  @fed-soc.org
bu. @heartland.org
bv. @heritage.org

bw. @gop.com
bx.          @action.gop.com
by. @freebeacon.com
bz. @uschamber.com
ca. @venable.com
cb. @wvcoal.com


Email accounts to be searched:

Bernard McNamee



I appreciate your time.




Respectfully,


Adriana Stevens

FOIA Analysis

Wits Solutions Inc. – Contractor

U.S. Department of Energy FOIA Office

1000 Independence Ave. SW

Washington DC 20585

*********************************************************************
This message does not originate from a known Department of Energy email system.
Use caution if this message contains attachments, links or requests for information.

*********************************************************************

EXHIBIT G



**David Abell <david.abell@sierraclub.org>**

---

## DOE FOIA Request Number (HQ-2024-02500)

---

**David Abell** <david.abell@sierraclub.org>                    Thu, Feb 27, 2025 at 10:44 AM
To: "Stevens, Adriana (CONTR)" <adriana.stevens@hq.doe.gov>

Hello Adriana,

Can you please provide me with a status update on Sierra Club's request?

Thank you,



**David Abell**

**Managing Paralegal**

**Sierra Club Environmental Law Program**

**Pronouns: he/him**

**510-506-4514** | Pacific Time Zone

david.abell@sierraclub.org

CONFIDENTIAL LEGAL COMMUNICATION/WORK PRODUCT
This e-mail may contain privileged and confidential attorney-client communications and/or confidential attorney work product. If you receive this e-mail inadvertently, please reply and notify the sender and delete all versions on your system. Thank you.

[Quoted text hidden]

[Quoted text hidden]
[Quoted text hidden]

[Quoted text hidden]
[Quoted text hidden]

[Quoted text hidden]

*************************************************************

[Quoted text hidden]

# EXHIBIT H



March 28, 2025

***VIA Email***

**U.S. Department of Energy**
FOIA Request Service Center
1000 Independence Avenue, SW
Mail Stop MA-46
Washington, DC 20585
Phone: (202) 586-5955
Email: FOIA-Central@hq.doe.gov

Re:    **Freedom of Information Act Request: U.S. Department of Energy Personnel
       External Communications**

Dear FOIA Officer:

This is a request under the Freedom of Information Act, 5 U.S.C. § 552, as amended ("FOIA"),
and the U.S. Department of Energy ("DOE") regulations at 10 C.F.R. § 1004, *et seq.*  Sierra Club
is a leading non-governmental organization seeking to educate and mobilize the public on issues
of climate change, fossil fuel energy and clean energy, as well as the organization's long-
standing interest in government accountability and transparency.

<u>**REQUESTED RECORDS**</u>

Sierra Club requests the following records in the possession, custody, or control of the DOE,
from the time period starting January 20, 2025, up through and including the date that you
conduct your search.

    A.  All emails including attachments between the following list of DOE personnel and any
        domain name listed in Attachment A:[1]
           1.  Chris Wright (Secretary);

---

[1] When this request refers to communications "between" various parties, this is intended to include emails or other
messages where the DOE individual and Attachment A entities are cc'ed or bcc'ed, even if neither the DOE
individual nor the Attachment A entity is the primary recipient or sender. In other words, to perform an adequate
search, the agency should search "cc" and "bcc" fields as well as the "to" and "from" fields.

2. All persons serving in the role(s) of Secretary's Wright's Scheduler, Advance, Aide, or Administrative Assistant;

3. Luke Farritor (Information Engineer);

4. Ryan Riedel (former Chief Information Officer);

5. Audrey Robertson (Assistant Secretary for Energy Efficiency);

6. Geoffrey Jervis (Office of Manufacturing and Energy Supply Chains);

7. Louis Hrkman (Principal Deputy Assistant Secretary Energy Efficiency and Renewable Energy);

8. Alexander Fitzsimmons (Chief of Staff);

9. Audrey Barrios (Advisor to the Secretary);

10. Mike Kopp (Senior Advisor to the Secretary);

11. John LaValle (White House Liaison);

12. Samuel Fodale (Deputy White House Liaison);

13. Steven Winberg (Acting Under Secretary for Infrastructure);

14. Andrea Woods (Deputy Director Office of Public Affairs);

15. Ben Dietderich (Press Secretary and Chief Spokesperson);

16. Ashley Hebert (Director, Scheduling and Advance Office of Management);

17. Isabelle Lamanna (Director of Scheduling);

18. Joshua Jones (Senior Advisor);

19. Curt Coccodrilli (Senior Advisor, Office of Clean Energy Demonstrations);

20. Christian Newton (Chief of Staff, Office of Science);

21. John Sneed (Former Director, Loan Programs Office);

22. Joseph Alexander (Chief of Staff, Grid Deployment Office);

23. Christina Francone (Senior Advisor, Grid Deployment Office);

24. Shawn Affolter (Principal Deputy Assistant Secretary, Assistant Secretary for Congressional and Intergovernmental Affairs);

25. Tala Goudarzi (Principal Deputy Assistant Secretary for Fossil Energy and Carbon Management);

26. Kevin Tatulyan (Chief of Staff, Fossil Energy and Carbon Management);

27. Catherine Jereza (Senior Advisor for Electricity);

28. Andrew Rapp (Senior Advisor);

29. Kyle Haustveit (Office of Fossil Energy and Carbon Management);

30. Eric Mahroum, Director (State And Community Energy Programs);

B. All text messages, letters, faxes, voicemails, and other forms of communications[2] between the above list of DOE personnel and any external entity, including, but not limited to, individuals associated with the entities in Attachment A.[3]

---

[2] Communications include messages on Slack, Signal, WhatsApp or any other messaging tool. Please advise the DOE personnel named in this FOIA to take immediate steps to preserve potentially responsive records on all messaging platforms for work-related communications.

[3] When this request refers to communications "between" various parties, this is intended to include emails or other messages where the DOE individual and Attachment A entities are cc'ed or bcc'ed, even if neither the DOE individual nor the Attachment A entity is the primary recipient or sender. In other words, to perform an adequate search, the agency should search "cc" and "bcc" fields as well as the "to" and "from" fields.

C. All calendars, whether electronic or in paper format, of the DOE Personnel for the above listed time period.

D. All emails, letters, faxes, voicemails, texts or other forms of communication that have been deleted which fit the above specifications and which remain recoverable in any way. If fulfilling this specification requires additional time, we would ask that production of documents meeting specifications A, B & C be given priority and processed separately from any potential responsive records to this specification.

This request includes communications related to DOE that is or was on any system or device, computer, phone, smartphone, tablet, email account, cloud, server or other communication system either **personal or business** that is or was owned **or** operated by the DOE personnel listed above or otherwise established for the purposes of communicating with those individuals. This request includes all emails or other communications from any **personal** account operated by the DOE personnel listed above which have been forwarded into an DOE government email account.

This request applies to all email accounts assigned to or operated by the DOE personnel listed above, whether on an official DOE email address or server or not, that relate to official business of DOE. This request applies to so-called "alias" email accounts that may or may not include the name(s) of the DOE personnel in the email address.

The request includes any positions held by the DOE personnel listed above during the time period. The positions are listed in parentheses to assist the FOIA office and are not intended to limit the request.

You may specifically exclude from processing and release any records that are publicly available (e.g., through regulations.gov).

## **DUTY TO PRESERVE RECORDS**

DOE must preserve all the records requested herein while this FOIA is pending or under appeal. *See Chambers v. U.S. Dep't of Interior*, 568 F.3d 998, 1004 (D.C. Cir. 2009) ("an agency is not shielded from liability if it intentionally transfers or destroys a document after it has been requested under FOIA or the Privacy Act"). Accordingly, please immediately advise custodians of potentially responsive records that the above records have been requested under FOIA and therefore may not be destroyed. Please also advise custodians that they must take immediate steps to preserve potentially responsive records on all platforms for work-related communications (i.e., Slack, Signal, or WhatsApp).

If any of the requested records are destroyed, the agency and responsible officials are subject to attorney fee awards and sanctions, including fines and disciplinary action. A court held the

U.S. Environmental Protection Agency ("EPA") in contempt for "contumacious conduct" and ordered the agency to pay plaintiff's costs and fees for destroying "potentially responsive material contained on hard drives and email backup tapes." *Landmark Legal Found. v. EPA*, 272 F.Supp.2d 59, 62 (D.D.C. 2003); see also *Judicial Watch, Inc. v. Dep't of Commerce*, 384 F. Supp. 2d 163, 169 (D.D.C. 2005) (awarding attorneys' fees and costs because, among other factors, agency's "initial search was unlawful and egregiously mishandled and …likely responsive documents were destroyed and removed"), *aff'd in relevant part*, 470 F.3d 363, 375 (D.C. Cir. 2006) (remanding in part to recalculate attorney fees assessed). In another case, in addition to imposing a $10,000 fine and awarding attorneys' fees and costs, the court found that an Assistant United States Attorney prematurely "destroyed records responsive to [the] FOIA request while [the FOIA] litigation was pending" and referred him to the Department of Justice's Office of Professional Responsibility. *Jefferson v. Reno*, 123 F. Supp. 2d 1, 6 (D.D.C. 2000).

## EXEMPT RECORDS

Should you decide to invoke a FOIA exemption with regard to any of the requested records, please include in your full or partial denial letter sufficient information for the Sierra Club to appeal the denial. To comply with legal requirements, the following information must be included:

1. Basic factual material about each withheld item, including the originator, date, length, general subject matter, and location of each item; and

2. Explanations and justifications for denial, including the identification of the category within the governing statutory provision under which the document (or portion thereof) was withheld and a full explanation of how each exemption fits the withheld material.

If you determine that portions of the records requested are exempt from disclosure, we request that you segregate the exempt portions and deliver the non-exempt portions of such records to my attention at the address below within the statutory time limit. 5 U.S.C. § 552(b).

## FORMAT OF REQUESTED RECORDS

Under FOIA, you are obligated to provide records in a readily accessible electronic format and in the format requested. *See, e.g.*, 5 U.S.C. § 552(a)(3)(B)("In making any record available to a person under this paragraph, an agency shall provide the record in any form or format requested by the person if the record is readily reproducible by the agency in that form or format.").

Please provide all records in an electronic .pdf format that is text-searchable and OCR-formatted. Portfolios and embedded files within files are not readily accessible. Please do not provide the records in a single, or "batched,".PDF file format.

## RECORD DELIVERY

We appreciate a prompt determination on the requested records. As mandated in FOIA, we anticipate a reply within 20 working days. 5 U.S.C. § 552(a)(6)(A)(i). Please email copies of the requested records to the e-mail address below. Please deliver documents that are not available in an electronic format to the physical address below. Failure to comply within the statutory timeframe may result in Sierra Club filing an action before the relevant U.S. District Court to ensure timely receipt of the requested materials.

*Deliver electronic documents to:*
Andrea Issod
andrea.issod@sierraclub.org

*Deliver other documents to:*
Andrea Issod
2101 Webster Street, Suite 1300
Oakland, CA 94612

Please send documents on a rolling basis. DOE's search for—or deliberations concerning—certain records should not delay the production of others that DOE has already retrieved and elected to produce. *See generally* 10 C.F.R. § 1004.5(d)(1) (describing response deadlines).

## FEE WAIVER REQUEST

I respectfully request that you waive all fees in connection with this request as provided by 5 U.S.C. § 552(a)(4)(A)(iii) and 10 C.F.R. § 1004.9(a)(8).[4]

Sierra Club is the nation's oldest grassroots organization with more than 1.5 million members and supporters nationwide. Sierra Club has spent years promoting the public interest through the development of policies that protect human health and the environment, and has routinely received fee waivers under FOIA.[5]

FOIA was designed to provide citizens a broad right to access government records. FOIA's basic

---

[4] With the award-winning Sierra magazine and its extensive use of blogs to communicate with the public, Sierra Club would also be eligible for a fee waiver as a media requestor. 5 U.S.C. § 552(a)(4)(A)(ii). A representative of the news media is "any person or entity that gathers information of potential interest to a segment of the public, uses its editorial skills to turn the raw materials into a distinct work, and distributes that work to an audience." 5 U.S.C. § 552(a)(4)(A)(ii); *see also Elec. Privacy Info. Ctr. v. Dep't of Def.*, 241 F. Supp. 2d 5, 6, 11-15 (D.D.C. 2003) (a "non-profit public interest organization" qualifies as a representative of the news media under FOIA where it publishes books and newsletters on issues of current interest to the public).

[5] For example, *see* FOIA Request Reference No. 2024-EPA-05254 (fee letter waiver received July 10, 2024); FOIA Request Reference No. EPA-HQ-2017-008402 (fee letter waiver received June 26, 2017); FOIA Request Reference No. EPA-HQ-2017-008571 & EPA-HQ-2017-008581 (fee letter waiver received June 27, 2017); FOIA Request Reference No. EPA-HQ-2017-008568 (fee letter waiver received June 28, 2017).

purpose is to "open agency action to the light of public scrutiny," with a focus on the public's "right to be informed about what their government is up to." *U.S. Dep't of Justice v. Reporters Comm. For Freedom of Press*, 489 U.S. 749, 773-74 (1989) (internal quotation and citations omitted). In order to provide public access to this information, FOIA's fee waiver provision requires that "[d]ocuments shall be furnished without any charge or at a [reduced] charge," if the request satisfies the standard. 5 U.S.C. § 552(a)(4)(A)(iii). The 1986 fee waiver amendments were designed specifically to provide non-profit organizations such as Sierra Club access to government records without the payment of fees. *Ettlinger v. FBI*, 596 F. Supp. 867, 872 (D. Mass. 1984) (fee waiver provision intended "to prevent government agencies from using high fees to discourage certain types of requesters and requests," which are "consistently associated with requests from journalists, scholars, and non-profit public interest groups.").

As explained below, this FOIA request satisfies the factors listed in DOE's governing regulations for waiver or reduction of fees, as well as the requirements for a fee waiver under the FOIA statute – that "disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." 5 U.S.C. § 552(a)(4)(A)(iii), *see also* 10 C.F.R. § 1004.9(a)(8).

## 1. The subject matter of the requested records specifically concerns identifiable "operations and activities of the government."

The requested records relate to the communications of DOE personnel, which reflect the activities and work of these personnel on behalf of the agency.  By their definition, these activities are "identifiable operations or activities of the government."

## 2. The disclosure of the requested documents would be meaningfully informative and "likely to contribute to an understanding of Federal government operations or activities."

Disclosure of the requested records will allow Sierra Club to convey information to the public about the communications of the DOE personnel, which will reflect their actions, objectives, and priorities, and specifically how outside parties influence them.

Once the requested documents are made available, Sierra Club will analyze them and present its findings to its members and online activists and the general public in a manner that will meaningfully enhance the public's understanding of how these DOE personnel have been acting and operating. The documents requested will thus be "meaningfully informative" and "likely to contribute" to an understanding of DOE's operations.

The requested records are not otherwise in the public domain and are not accessible other than through a FOIA request. Indeed, the request explicitly excludes those documents already publicly available. Thus, the requested documents provide information that is not already in the

public domain and are accordingly likely to meaningfully contribute to public understanding of governmental operations. As discussed further below, the requested records relate to the activities of DOE personnel who have strong connections with the industry they regulate as well as conservative and political ties, and thus it is of significant public concern as their names are now surfacing in news articles.

3.  **The disclosure would contribute to the understanding of the public at large, as opposed to the individual understanding of the requester or a narrow segment of interested persons.**

Sierra Club has longstanding experience and expertise in the subject area of the FOIA requests, including issues related to government accountability and transparency, and the activities that properly fall within the mission of the DOE.

Sierra Club disseminates the information it receives through FOIA requests in a variety of ways, including: analysis and distribution to the media, distribution through publication and mailing, posting on its website, emailing and list serve distribution to our members across the U.S., and via public meetings and events. Every year the Sierra Club website receives over 15 million-page views by 5,492,373 users; on average, the site gets 39,000 visits per day. *Sierra* is a quarterly magazine with a printed circulation of approximately 440,000 copies. An additional 50,000 Sierra Club members receive a "tree-free" digital replica edition. Sierra publishes online daily at www.sierramagazine.org and reaches about 125,000 readers a month, most of whom are not Sierra Club members or supporters. Sierra Club Insider, an electronic newsletter, is sent to over 2.2 million people twice a month. In addition, Sierra Club disseminates information obtained by FOIA requests through comments to administrative agencies, and where necessary, through the judicial system.[6]

Sierra Club intends to share the information received from this FOIA request with the general public, our impacted members across the country, the media and our allies who share a common interest in the operations of the DOE.

Sierra Club unquestionably has the "specialized knowledge" and "ability and intention" to disseminate the information requested in the broad manner outlined above, and to do so in a manner that contributes to the understanding of the "public-at-large."

---

[6] Sierra Club's Freedom of Information Act work has been nationally recognized for its success in exposing corruption and extremism during the first Trump Administration. Former EPA Administrator Scott Pruitt and Chief Air Quality official Bill Wehrum resigned due in part to information exposed through Sierra Club's Freedom of Information requests; https://thehill.com/policy/energy-environment/396000-ex-aide-says-hell-take-credit-for-pruitts-downfall, https://slate.com/technology/2018/07/scott-pruitt-how-the-sierra-club-declared-war-on-the-epa-head-and-won.html, https://www.washingtonpost.com/climate-environment/2019/06/26/epas-top-air-policy-official-steps-down-amid-scrutiny-over-possible-ethics-violations/.

**4. The disclosure would contribute "significantly" to public understanding of government operations or activities.**

As discussed in section (2) above, the records requested will significantly contribute to the public understanding of governmental operations, and activities. Disclosure of these DOE Personnel communications and other interactions with outside parties will significantly enhance the public's understanding of whether these DOE personnel are advancing the stated mission of the DOE and serving the American public, or whether they are advancing another agenda. Many of these DOE personnel have a history of supporting fossil fuel industry interests and conservative anti-regulation organizations, and thus their activities – and communications with their former employers, clients, and other political allies –are of significant concern to Sierra Club and its members.

**5. The requester has no commercial interest that would be furthered by the requested disclosure.[7]**

Sierra Club has no commercial interest in the requested records. Nor does it have any intention to use these records in any manner that "furthers a commercial, trade, or profit interest" as those terms are commonly understood. Sierra Club is a nonprofit, tax-exempt organization under sections 501(c)(3) and 501(c)(4) of the Internal Revenue Code, and as such has no commercial interest. The requested records will be used for the furtherance of Sierra Club's mission to inform the public on matters of vital importance to the environment and public health.

Sierra Club respectfully requests that DOE waive processing and copying fees pursuant to 5 U.S.C. § 552(a)(4)(A) because the public will be the primary beneficiary of this requested information. In the event that your agency denies a fee waiver, please send a written explanation for the denial. Please do not incur expenses beyond $250 without first contacting our office for explicit authorization.

Thank you for your cooperation. If you find that this request is unclear in any way please do not hesitate to call me to see if I can clarify the request or otherwise expedite and simplify your efforts to comply.

*/s/ Andrea Issod*
Andrea Issod
Sierra Club Environmental Law Program
2101 Webster Street, Suite 1300
Oakland, CA 94612
andrea.issod@sierraclub.org
(415) 977-5544

---

[7] Because Sierra Club has no commercial interest, the Club also satisfies the final factor for a fee waiver, which compares the magnitude of an identified commercial interest to the public interest in disclosure.

8

| Organization Name | Organization Domain(s) |
| --- | --- |
| Alliance Resource Partners LP | arlp.com |
| Alpha Metallurgical Resources | alphanr.com |
| America's Electric Cooperatives | nreca.org |
| American Biomass Energy Association | usabiomass.org |
| American Coal Council | americancoalcouncil.org |
| American Fuel & Petrochemical Manufacturers | afpm.org |
| American Gas Association | aga.org |
| American Legislative Exchange Council | alec.org |
| American Petroleum Institute | api.org |
| American Public Power Association | publicpower.org |
| Americans for Prosperity | afphq.org |
| Americans for Tax Reform | atr.org |
| Arch Resources, Inc | archcoal.com |
| Balch & Bingham LLP | balch.com |
| Becker Lawyers | bplegal.com |
| BNSF Railway | bnsf.com |
| Bockorny Group | bockornygroup.com |
| BP | bp.com |
| Breitbart | breitbart.com |
| Cato Institute | cato.org |
| Centennial Institute | ccu.edu |
| Chemours | chemours.com |
| Chevron | chevron.com |
| Citizens for Responsible Energy Solutions | cresenergy.com |
| Clean Fuels Alliance America | biodiesel.org |
| ClearPath | clearpath.org |
| Competitive Enterprise Institute | cei.org |
| Coterra | coterra.com |
| Crowell | crowell.com |

| Organization Name | Organization Domain(s) |
|---|---|
| Dow | dow.com |
| Duke Energy | duke-energy.com |
| Edison Electric Institute | eei.org |
| Enbridge | enbridge.com |
| Energy Transfer LP | energytransfer.com |
| EPRI | epri.com |
| Exxon Mobil | exxonmobil.com |
| Faegre Drinker Biddle & Reath LLP | faegrebd.com |
| Family Research Council | frc.org |
| Fox Business | foxbusiness.com |
| Fox News | foxnews.com |
| Fox TV | foxtv.com |
| Fox23 | fox23.com |
| Fox61 | fox61.com |
| Franklin Mountain Energy | fmellc.com |
| George Mason University, Mercatus Center | mercatus.gmu.edu |
| Gibson Dunn | gibsondunn.com |
| Goldman Sachs | goldmansachs.com |
|  | gs.com |
| Hess | hess.com |
| Hunton Andrews Kurth | hunton.com |
| IADC | iadc.org |
| IPAA | ipaa.org |
| Kinder Morgan | kindermorgan.com |
| Kayne Anderson | kayneanderson.com |
| Koch | kochind.com; kochps.com |
| Liberty Energy | libertyenergy.com |
| Lignite Energy Council | lignite.com |
| Manhattan Institute | manhattan-institute.org |

| Organization Name | Organization Domain(s) |
|---|---|
| Marathon | marathonpetroleum.com |
| Marathon Oil | marathonoil.com |
| McGuireWoods | mcguirewoods.com |
| Morgan Lewis | morganlewis.com |
| National Black Chamber of Commerce | nationalbcc.org |
| National Mining Association | nma.org |
| New Mexico Oil & Gas Association | nmoga.org |
| NTK News | ntknetwork.com |
| Oklo Inc. | oklo.com |
| Peabody Energy | peabodyenergy.com |
| Pebble | pebblepartnership.com |
| Rand | rand.org |
| Renewable Fuels Association | ethanolrfa.org |
| Republican Attorneys General | republicanags.com |
| Republican Governors Association | rga.org |
| Rule of Law Defense Fund | ruleoflawdefensefund.org |
| Sempra | sempralng.com |
| Senator Ted Cruz | cruz.senate.gov |
| Shell | shell.com |
| Sidley | sidley.com |
| Sila Nanotechnologies | silanano.com |
| SJ Steptoe & Johnson PLLC | steptoe-johnson.com |
| State of Texas | State.tx.us |
| State Policy Network | spn.org |
| Statoil | statoil.com |
| Tea Party Patriots Action | teapartypatriots.org |
| Texas Office of the Attorney General | texasattorneygeneral.gov |
| Texas Oil & Gas Association | txoga.org |
| Texas Public Policy Foundation | texaspolicy.com |

| Organization Name | Organization Domain(s) |
|---|---|
| The Coalition for Renewable Natural Gas | rngcoalition.com |
| The Federalist Society | fedsoc.org; fed-soc.org |
| The Heartland Institute | heartland.org |
| The Heritage Foundation | heritage.org |
| The Republican National Committee | gop.com; action.gop.com |
| The Washington Free Beacon | freebeacon.com |
| U.S. Chamber of Commerce | uschamber.com |
| Venable LLP | venable.com |
| West Virginia Coal Association | wvcoal.com |

EXHIBIT I



# Department of Energy
Washington, DC 20585

April 02, 2025

Ms. Andrea Issod
Sierra Club Environmental Law Program
2101 Webster Street, Suite 1300
Oakland, California, 94612

HQ-2025-02714-F

Re: Sierra Club requests the following records in the possession, custody, or control of the DOE, from the time period starting January 20, 2025, up through and including the date that you conduct your search.
A. All emails including attachments between the following list of DOE personnel and any domain name listed in Attachment A:1
1. Chris Wright (Secretary);
2. All persons serving in the role(s) of Secretary's Wright's Scheduler, Advance, Aide, or Administrative Assistant;
3. Luke Farritor (Information Engineer);
4. Ryan Riedel (former Chief Information Officer);
5. Audrey Robertson (Assistant Secretary for Energy Efficiency);
6. Geoffrey Jervis (Office of Manufacturing and Energy Supply Chains);
7. Louis Hrkman (Principal Deputy Assistant Secretary Energy Efficiency and Renewable Energy);
8. Alexander Fitzsimmons (Chief of Staff);
9. Audrey Barrios (Advisor to the Secretary);
10. Mike Kopp (Senior Advisor to the Secretary);
11. John LaValle (White House Liaison);
12. Samuel Fodale (Deputy White House Liaison);
13. Steven Winberg (Acting Under Secretary for Infrastructure);
14. Andrea Woods (Deputy Director Office of Public Affairs);
15. Ben Dietderich (Press Secretary and Chief Spokesperson);
16. Ashley Hebert (Director, Scheduling and Advance Office of Management);
17. Isabelle Lamanna (Director of Scheduling);
18. Joshua Jones (Senior Advisor);
19. Curt Coccodrilli (Senior Advisor, Office of Clean Energy Demonstrations);
20. Christian Newton (Chief of Staff, Office of Science);
21. John Sneed (Former Director, Loan Programs Office);
22. Joseph Alexander (Chief of Staff, Grid Deployment Office);
23. Christina Francone (Senior Advisor, Grid Deployment Office);



24. Shawn Affolter (Principal Deputy Assistant Secretary, Assistant Secretary for Congressional and Intergovernmental Affairs);
25. Tala Goudarzi (Principal Deputy Assistant Secretary for Fossil Energy and Carbon Management);
26. Kevin Tatulyan (Chief of Staff, Fossil Energy and Carbon Management);
27. Catherine Jereza (Senior Advisor for Electricity);
28. Andrew Rapp (Senior Advisor);
29. Kyle Haustveit (Office of Fossil Energy and Carbon Management);
30. Eric Mahroum, Director (State And Community Energy Programs);
B. All text messages, letters, faxes, voicemails, and other forms of communications2 between the above list of DOE personnel and any external entity, including, but not limited to, individuals associated with the entities in Attachment A.3
C. All calendars, whether electronic or in paper format, of the DOE Personnel for the above listed time period.
D. All emails, letters, faxes, voicemails, texts or other forms of communication that have been deleted which fit the above specifications and which remain recoverable in any way.
If fulfilling this specification requires additional time, we would ask that production of documents meeting specifications A, B & C be given priority and processed separately from any potential responsive records to this specification.

Dear Ms. Issod:

Thank you for the request for information that you made to the Department of Energy (DOE) under the Freedom of Information Act (FOIA), 5 U.S.C. 552.  Your letter was received in this office on March 31, 2025, and has been assigned a controlled number, HQ-2025-02714-F. Since we receive several hundred requests a year, please use this number in any correspondence with the Department about your request.

We are reviewing your letter to determine if it addresses all of the criteria of a proper request under the FOIA and the DOE regulation that implements the FOIA at Title 10, Code of Federal Regulations, Part 1004.  We will send you a subsequent letter to inform you if we need additional information or to state where the request has been assigned to conduct a search for responsive documents.

I appreciate the opportunity to assist you with this matter.  If you have any questions about this letter, please contact this office at FOIA-Central@hq.doe.gov.


Sincerely,

/s/ *Alexander C. Morris*
Alexander C. Morris
FOIA Officer
Department of Energy

EXHIBIT J



**Andrea Issod <andrea.issod@sierraclub.org>**

---

## DOE FOIA Request: HQ-2025-02714-F, Clarification

**Young, Karmen (CONTR)** <karmen.young@hq.doe.gov>              Wed, Apr 23, 2025 at 12:56 PM
To: Andrea Issod <andrea.issod@sierraclub.org>
Cc: "Butler, Todd (CONTR)" <todd.butler@hq.doe.gov>, "Hollis, Cidney (CONTR)" <cidney.hollis@hq.doe.gov>

Noted.


Thank you,


Karmen Young

WITS Solutions, Inc.

DOE FOIA Contractor

---

**From:** Andrea Issod <andrea.issod@sierraclub.org>
**Sent:** Wednesday, April 23, 2025 3:55 PM
**To:** Young, Karmen (CONTR) <karmen.young@hq.doe.gov>
**Cc:** Butler, Todd (CONTR) <todd.butler@hq.doe.gov>; Hollis, Cidney (CONTR) <cidney.hollis@hq.doe.gov>
**Subject:** [EXTERNAL] Re: DOE FOIA Request: HQ-2025-02714-F, Clarification


Thank you for your assistance on this matter. Yes we can agree to today's end date if you are beginning your search for records today.


If Audrey Robertson and/or Kyle Haustveit are currently DOE employees, we request responsive records, whether or not they are confirmed.  If they are not DOE employees yet, we agree and understand that there will not be any responsive records.


Thank you


On Wed, Apr 23, 2025 at 11:43 AM Young, Karmen (CONTR) <karmen.young@hq.doe.gov> wrote:

> Good afternoon Andrea Issod,
>
> I am the analyst assigned to work on your subject FOIA request. **Please respond within 5-days, COB, Monday, April 28, 2025**.
>
> For processing purposes, our office requests that you to review the below proposed search terms/parameters. You stated, "*Sierra Club requests the following records in the possession, custody, or control of the DOE, from the time period starting January 20,*

*2025, up through and including the date that you conduct your search.*"

1. <u>End of Date Range:</u>

   a. Please confirm your agreement to establish the date range between **January 20, 2025 – April 23, 2025, today's date.**

This is to also inform you the following DOE employee have not been confirmed, therefore there would be no responsive records.

Request Item #5:     Audrey Robertson (Assistant Secretary for Energy Efficiency) - EERE

Request Item #29:    Kyle Haustveit (Office of Fossil Energy and Carbon Management) - FE

Clarification is needed from you to ensure reasonable efforts to search for the requested records and avoid significant interference with the operation of the agency's automated information system.

 **If your response is not received within 5-days, our office will assume there is no further interest in the records sought and close the request due to nonresponse.**

Thank you,

Karmen Young

WITS Solutions, Inc.

DOE FOIA Contractor

--



**Andrea Issod**
**Senior Attorney (she/her)**
**Sierra Club Environmental Law Program**
**Phone** | 415-977-5544
andrea.issod@sierraclub.org

CONFIDENTIAL LEGAL COMMUNICATION/WORK PRODUCT
This e-mail may contain privileged and confidential attorney-client communications and/or confidential attorney work product.
If you receive this e-mail inadvertently, please notify me and delete all versions from your system. Thank you.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
This message does not originate from a known Department of Energy email system.
Use caution if this message contains attachments, links or requests for information.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

EXHIBIT K



**Andrea Issod <andrea.issod@sierraclub.org>**

## HQ-2025-02714-F

**Young, Karmen (CONTR)** <karmen.young@hq.doe.gov>                    Fri, May 9, 2025 at 1:27 PM
To: Andrea Issod <andrea.issod@sierraclub.org>
Cc: "Butler, Todd (CONTR)" <todd.butler@hq.doe.gov>, "Hollis, Cidney (CONTR)" <cidney.hollis@hq.doe.gov>, "Hambly, Robert (CONTR)" <robert.hambly@hq.doe.gov>

Good afternoon,


Thank you for contacting our office.


At this time, I am unable to provide an estimate of the timeline for you to receive the responsive records.  I am currently working with the program office to ensure that all records are collected for your request. Once located, the responsive records will be reviewed for sensitivities and hope to provide you with a response shortly upon completion of legal review.


I appreciate your patience with this process.



Thank you,


Karmen Young

WITS Solutions, Inc.

DOE FOIA Contractor


---

**From:** Andrea Issod <andrea.issod@sierraclub.org>
**Sent:** Friday, May 9, 2025 3:31 PM
**To:** Young, Karmen (CONTR) <karmen.young@hq.doe.gov>
**Subject:** [EXTERNAL] HQ-2025-02714-F


Dear Karman, Can you please update me on the status of this request, HQ-2025-02714-F, and provide an estimated date of completion.


Thank you,

--



**Andrea Issod**
**Senior Attorney (she/her)**
**Sierra Club Environmental Law Program**
**Phone** | 415-977-5544
andrea.issod@sierraclub.org

CONFIDENTIAL LEGAL COMMUNICATION/WORK PRODUCT
This e-mail may contain privileged and confidential attorney-client communications and/or confidential attorney work product.
If you receive this e-mail inadvertently, please notify me and delete all versions from your system. Thank you.

*******************************************************************
This message does not originate from a known Department of Energy email system.
Use caution if this message contains attachments, links or requests for information.

*******************************************************************